IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY LEWIS DAVIS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CASE NO. 2:19-CV-237-ECM-SMD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

Before the Court is Gregory Lewis Davis's self-styled motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, by which Davis challenges his 180-month sentence imposed in 2009 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  (Doc. 2).  For the reasons indicated below, Davis's motion is due to be dismissed as a successive § 2255 motion filed without the required appellate court authorization.

### II.  DISCUSSION

In December 2008, Davis pleaded guilty to possession of a firearm as a convicted felony, in violation of 18 U.S.C. § 922(g)(1).  *See United States v. Davis*, Case No. 2:07-CR-12-MHT (M.D. Ala. 2009).  After a sentencing hearing in July 2009, the district court sentenced Davis under the ACCA to 180 months in prison.  The Eleventh Circuit dismissed Davis's direct appeal as untimely filed, and in September 2011, Davis filed a 28 U.S.C. § 2255 motion challenging his conviction and sentence.  *See* Civil Action No. 2:11-CV-760-

MEF. This Court denied that § 2255 motion in February 2014, finding that Davis's claims for relief lacked merit. The Eleventh Circuit denied Davis's motion for a certificate of appealability in June 2014, finding that reasonable jurists would not debate this Court's denial of § 2255 relief as to any of Davis's claims.

In his instant motion for relief pursuant to Rule 60(b)(6), Davis asserts that he was erroneously sentenced under the ACCA because the government failed to present sufficient proof that three prior drug convictions the district court relied on in applying the ACCA were temporally distinct.[1] As a consequence, he says, he did not have the requisite number of qualifying convictions to be sentenced under the ACCA. *See* (Doc. 2).

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to move for relief from a final judgment in a civil case on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) "provides a basis, but only a limited basis,

---

[1] A conviction under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three prior convictions for a violent felony, a serious drug offense, or both, is subject to an enhanced sentence of not less than fifteen years. 28 U.S.C. § 924(e)(1)*; see also Descamps v. United States*, 570 U.S. 254, 258 (2013) (noting the typical statutory maximum sentence and the ACCA's heightened mandatory minimum for § 922(g) convictions).

for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

"[W]hen faced with what purports to be a Rule 60(b) motion . . . federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016). When a federal inmate brings a motion under Rule 60(b), the district court may construe it as a 28 U.S.C. § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion. *See Galatolo v. United States*, 394 F. App'x 670, 671 (11th Cir. 2010). If the nominal Rule 60(b) motion is properly construed as a second or successive § 2255 motion, and the movant has failed to obtain authorization from the court of appeals, the district court lacks subject matter jurisdiction on the merits of any claims. *Id*.

Under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a Rule 60(b) motion is a second or successive § 2255 motion if it contains a "claim." [2] *See* 545 U.S. at 530. For purposes of determining whether a motion is a § 2255 motion, a "claim" is an asserted ground for relief attacking the underlying conviction or sentence, *or* an attack on the district court's previous merits resolution of any previous § 2255 claim. *Id*. at 531–32. On the other hand, no "claim" is asserted "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532–33. A Rule 60(b) motion can properly be used to attack

---

[2] Although *Gonzalez* addressed this issue in the context of petitions for writ of habeas corpus under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the holding and rationale of *Gonzalez* apply equally to habeas proceedings under 28 U.S.C. § 2255. *See United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005). For the sake of clarity and simplicity, where the principles addressed by *Gonzalez* are referred to in this Recommendation, the court uses nomenclature appropriate to motions for habeas relief under § 2255.

a true "defect in the integrity of the federal habeas proceedings," *id.* at 532, or to "assert[ ] that a previous [habeas] ruling which precluded a merits determination was in error," *id*. at 532 n.4. Courts should not treat such a Rule 60 motion as a successive § 2255 motion. *Id*. at 532–33. Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily required for a second or successive § 2255 motion. *Id.* at 538; *see Galatolo*, 394 F. App'x at 672.

Davis' argument in his nominal Rule 60(b)(6) motion constitutes a claim attacking his underlying sentence. It is not an argument that impugns the integrity of this Court's ruling denying his first § 2255 motion or challenges the court's application of a procedural rule to preclude a merits ruling on any claim presented in his first § 2255 motion. Indeed, Davis raised the same claim he now asserts in his original § 2255 motion, and that claim was addressed on the merits and denied. The instant nominal Rule 60(b)(6) motion constitutes little more than a second attempt by Davis to obtain a favorable merits ruling on an already denied claim.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on

4

collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).  A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant has failed to obtain permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Davis has not obtained prior authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion.  This Court therefore lacks jurisdiction to consider the merits, and the motion should be dismissed on this ground. *Farris*, 333 F.3d at 1216.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Davis's instant motion (Doc. 2), which constitutes a successive § 2255 motion, be summarily DISMISSED because Davis has not received permission from the appellate court to file a second or successive § 2255 motion.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 11, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 28th day of May, 2019.

<u>/s/ Stephen M. Doyle</u>
UNITED STATES MAGISTRATE JUDGE